# Exhibit 1

# GAGE SPENCER & FLEMING LLP

ATTORNEYS AT LAW

410 PARK AVENUE

NEW YORK, NEW YORK 10022

TELEPHONE: (212) 768-4900
FACSIMILE: (212) 768-3629

January 19, 2018

<u>Via Electronic Mail</u>

AUSA Thomas McKay
AUSA Ted Diskant
AUSA Doug Zolkind
United States Attorney's Office
Southern District of New York
One St. Andrews Plaza
New York, New York 10007

Re:   *United States v. Dean Skelos and Adam Skelos*, 15 Cr. 317 (KMW)

Counsel:

We submit this discovery request on behalf of Dean and Adam Skelos in connection with the above-referenced matter. Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, the Fifth and Sixth Amendments, and the Department of Justice's "Guidance for Prosecutors Regarding Criminal Discovery," we request that, to the extent they are in its possession, custody, or control, the government provide the following documents, information, and other materials to Dean and Adam Skelos:

1. Identify whether Anthony Bonomo, Carl Bonomo, Tom Dwyer, and/or Glenn Rink are co-conspirators in connection with any charges in the Superseding Indictment.

2. Identify all other known co-conspirators with regard to the charges in the Superseding Indictment not identified in paragraph one above.

3. Identify the manner in which Leonard Litwin, Charles Dorego, and Bjornwulf White acted as co-conspirators in the Superseding Indictment. Identify the specific acts which constitute their participation in the conspiracy.

January 19, 2018
Page 2

4. Identify all persons who have made false statements to the government during the investigation of Dean and Adam Skelos. Identify the false statements made to the government by any witness or potential witness either directly or through his or her counsel.

5. Identify all persons who the government has come to learn gave untruthful testimony in the first trial of Dean and Adam Skelos. Identify the untruthful testimony.

6. Identify all persons who the government has come to learn have violated their non-prosecution agreements including specifically Anthony Bonomo, Charles Dorego, Glenn Rink, Bjornulf White, and/or Robbie Walker. Identify the violations of the non-prosecution agreements.

7. Identify all unwritten agreements that the government had with any witness or potential witness in the first trial. Identify, among other things, whether the government agreed not to prosecute the witness or potential witness despite its knowledge that the witness or potential witness had engaged in criminal conduct and/or had made false statements to the government.

8. Provide unredacted versions of the statements made by Charles Dorego and/or his counsel to the government regarding his health. Provide all records and documents provided to the government by Charles Dorego and/or his counsel in connection with the government's conclusion that Charles Dorego had an "extraordinary medical condition."

9. Identify all actions which the government will contend in the second trial constitute "official actions" within the meaning of *United States v. McDonnell*.

10. Identify any and all conduct that the Defendants allegedly engaged in or agreed to engage in that the government will contend in the second trial violates 18 U.S.C § 666 but which the government concedes does not violate 18 U.S.C. §§ 1343, 1356, 1349, and 1951.

11. Identify the specific provisions of New York State legislation which the government contends are at issue in the Superseding Indictment.

12. Identify all contact between the Department of Financial Services ("DFS") and the government relating to PRI or Anthony Bonomo not previously provided to the defense.

January 19, 2018
Page 3

13. Provide a written summary of the contact responsive to number 12 above.

14. Identify all contact between JCOPE and the government not previously provided to the defense.

15. Provide a written summary of the contact responsive to number 14 above.

16. Identify all contact between the Securities and Exchange Commission and the government relating to Abtech, Glenn Rink and/or Bjornulf White not previously provided to the defense.

17. Provide a written summary of the contact responsive to number 16 above.

18. Identify all instructions given to Bjornulf White by the government during the period during which he was cooperating with the government.

We attach a copy of the prior discovery requests dated July 10, 2015 and August 7, 2015. Please provide any documents and/or information responsive to those requests that has not been previously provided including but not limited to any documents and/or information the government has become aware of since the first trial.

This discovery request is not meant to preclude additional discovery requests.

Very truly yours,

G. Robert Gage, Jr.

Alexandra A.E. Shapiro
Shapiro Arato LLP

*Counsel for Dean G. Skelos*

John J. Kenney
Allison Angel
Hoguet Newman Regal & Kenney, LLP

*Counsel for Adam Skelos*