

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 24, 2018

**By ECF and Email**

The Honorable Kimba M. Wood
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States* v. *Dean Skelos & Adam Skelos*, S1 15 Cr. 317 (KMW)

Dear Judge Wood:

    The Government respectfully submits this letter—in light of the defendants' repeated refusal to respond to the Government's inquiries on this matter—to request that the Court order the defendants to produce any reciprocal discovery they may have.

    In June 2015, the Government requested reciprocal discovery from the defendants. In advance of the retrial, the Government renewed its request by letter dated March 16, 2018, and again by email on June 10, 2018. At the final pretrial conference on June 15, 2018, the Government noted that no reciprocal discovery had been produced to date, and requested that the defendants be ordered to produce any such material, *i.e.*, any materials that were not already in the Government's possession, which the defendants may seek to offer affirmatively in their case-in-chief or through Government witnesses (but not including documents that they would use solely to impeach a witness called by the Government). (Transcript of June 15, 2018 conference at 68-72 (excerpt attached hereto as Exhibit A).)

    The Court asked defense counsel, "Do you disagree with the legal principle that has just been stated? And, if so, what authority do you have?" (*Id.* 72.) Defense counsel responded that they were "not in a position to answer this today" and asked for time to "look at whatever authorities the government is talking about and consider it." (*Id.* 73.) The Court proposed that the Government send a letter to the defense, copying the Court, and that the defense respond within 24 hours. (*Id.* 74.) Defense counsel requested that "the Court . . . give us a chance to hear them out without creating litigation and briefing about this" and committed to "hear what [the Government] ha[s] to say, and respond accordingly." (*Id.*)

    The next day, the Government sent a letter to defense counsel, reiterating our request for reciprocal discovery, and citing cases that establish that the defense is required to immediately disclose any documents that (i) are not already in the Government's possession, and (ii) the

defense may seek to offer affirmatively, even if the defense has not yet determined whether to put on a case. (Letter attached hereto as Exhibit B); *see, e.g.*, *United States v. Ryan*, 448 F. Supp. 810, 810-12 (S.D.N.Y.) ("While the refusal to testify is constitutionally protected, the trial strategy determination is not so protected. Since the defendant has availed himself of the strategy to obtain discovery of the government, he must comply with the request for reciprocal discovery."), *aff'd*, 594 F.2d 853 (2d Cir. 1978).

On June 18, 2018, the defendants responded by letter stating, "As we stated at the pretrial conference held on June 15, 2018, Defendants are in full compliance with their Rule 16 obligations and are not in possession of any documents they are required to produce to the government." (Letter attached hereto as Exhibit C.)

Because this response did not make clear whether the defendants agreed or disagreed with the legal principles cited by the Government (which was precisely the question the Court had posed at the conference)—and thus left unclear whether the defendants had any reciprocal discovery that would need to be disclosed if the Court agreed with the Government's view of the law—the Government promptly responded by email:

> To be clear, in saying that the defendants have no documents to produce in reciprocal discovery, do you mean even under the Government's view of your obligations (recognizing that you may disagree with our position as to those obligations)? Or do you mean that you do have documents in your possession, which are not in the Government's possession, which you may seek to offer affirmatively in evidence, but believe you aren't required to disclose them to us at this time?

Defense counsel did not respond to this email. On June 20, 2018, the Government followed up by email, asking for a response and noting that "[w]e are awaiting your answer." Defense counsel did not respond to this email either.

Hon. Kimba M. Wood
June 24, 2018

      Because the defendants have continued to refuse to respond to the Government's inquiries, we are bringing the matter to the Court's attention. The Government respectfully requests that, for the reasons set forth in the Government's June 16, 2018 letter (Exhibit B), the Court order the defendants to produce any documents that (i) are not already in the Government's possession, and (ii) the defense may seek to offer affirmatively, either through witnesses called by the Government or the defense, even if the defense has not yet determined whether to put on a case.

                    Respectfully submitted,

                    ROBERT S. KHUZAMI
                    Attorney for the United States,
                    Acting Under Authority Conferred by 28 U.S.C. § 515

By:  /s Douglas S. Zolkind
       Edward B. Diskant
       Thomas McKay
       Douglas S. Zolkind
       Assistant United States Attorneys
       (212) 637-2268

cc: Counsel of Record