

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 15, 2020

**By ECF**

The Honorable Kimba M. Wood
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Dean Skelos*, S1 15 Cr. 317 (KMW)

Dear Judge Wood:

      The Government writes to respond to the Court's order, dated April 10, 2020 (the "Order"), and to provide additional information pertinent to Dean Skelos's motion for compassionate release. As directed, the Government has provided the BOP with a copy of the Order in which the Court urged the Bureau of Prisons ("BOP") "to make a final determination" on Skelos's pending request for compassionate release by April 15. (Order at 7-8).

      This morning, the Government learned from the BOP that Dean Skelos has tested positive for COVID-19, but has been symptom-free since approximately April 8. We understand that he is in quarantine.

      The BOP has further informed the Government that Skelos will be approved for furlough and home confinement, pending approval of his proposed residence by the United States Probation Department.[1] The Government understands that Skelos has now been cleared by medical staff at the facility for release, and release paperwork is currently being prepared. The Government will update the Court as soon as it receives more specific information about when Skelos will be released.

---

[1] The Government notes that this is not a "final" decision for purposes of exhaustion. Section 3582(c) requires that, before filing a compassionate release motion in court, the defendant "fully exhausted all administrative rights *to appeal* a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." Consistent with the statute, an inmate may appeal the warden's initial decision, and his petition is not fully exhausted until such appeals have been adjudicated. 28 C.F.R. § 571.63(b)-(c); *see also United States v. Bolino*, No. 06 Cr. 806 (BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020); *United States v. Johnson*, No. 00 Cr. 40023, 2020 WL 1434367, at *2 (W.D. Ark. Mar. 24, 2020). That said, if the relief Skelos requests is in fact granted, his compassionate release motion will likely be mooted.

Hon. Kimba M. Wood
April 15, 2020

In light of the foregoing, the Government respectfully urges the Court to allow the BOP the additional time that it needs to complete its own review process, one that seems likely to render the defendant's motion for compassionate release moot. Of course, if for some reason the BOP does not grant Skelos the relief described above, the Court can consider his motion at that time, with the benefit of the BOP's decision, as well as the parties' input on whether any relief provided by the BOP is sufficient to satisfy the concerns that form the basis of Skelos's motion.

By contrast, deciding the motion immediately would require the Court to confront the statutory requirement that the defendant exhaust administrative remedies before seeking judicial relief. As set forth in the Government's prior submissions, the Court lacks the authority to decide Skelos's motion before the 30-day waiting period has expired. The Court's Order states that "it appears from the First Step Act that, by setting a 30-day period for exhaustion, Congress intended to *accelerate* judicial review." (Order at 6). Nonetheless, given that Congress expressly chose *30 days* as the period after which judicial review is available, the Court is not free to make a different choice. As Judge Sullivan recently held, "there is nothing in the First Step Act or its history to suggest that courts may modulate the exhaustion waiting period when they see fit." *United States v. Ogarra*, 18 Cr. 383 (RJS) (S.D.N.Y. Apr. 14, 2020) (Dkt. 666 at 9). The Government respectfully declines the Court's request that the Government waive the requirement of exhaustion in this case. (*See* Order at 8). This is not a case that, in the Government's view, would warrant the exercise of such discretionary authority, particularly given that the BOP seems on pace to address and likely grant the defendant's request within the 30 days provided by statute.

Finally, separate from exhaustion, the Government notes an additional issue regarding this Court's resolution of Skelos's motion. Since submitting its original briefing on the motion, the Government has come to learn that, under the law of this Circuit, because Skelos has a pending appeal, this Court lacks jurisdiction to grant his motion at this time, although, as discussed herein, it could deny the motion. Instead, were the Court inclined to grant the motion, it would need to issue an "indicative ruling" to that effect subject to remand from the Second Circuit.

A notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982). That rule applies in criminal cases. *Berman v. United States*, 302 U.S. 211, 214 (1937); *United States v. Katsougrakis*, 715 F.2d 769, 777 (2d Cir. 1983). In *United States v. Ransom*, the Court of Appeals held that while the filing of a notice of appeal "does not preclude a district court, after notice of appeal has been filed, from 'correcting clerical errors under Fed. R. Crim. P. 36 or from acting to aid the appeal,'" it does not permit the "substantive modifications of judgments." 866 F.2d 574, 575–76 (2d Cir. 1989) (quoting *Katsougrakis*, 715 F.2d at 776 n.7). Thus, the Second Circuit held that the district court in that case "lacked authority" to eliminate an unlawful term of supervised release while the defendant's appeal was pending. *Id.* at 575.[2]

---

[2] This rule does not apply to motions for bail pending appeal, which may (and typically must) be made in the district court in the first instance. *See* Fed. R. App. P. 9(b); *United States v. Hochevar*, 214 F.3d 342, 344 (2d Cir. 2000).

Hon. Kimba M. Wood
April 15, 2020

An order granting the defendant's motion to "reduce the term of imprisonment," 18 U.S.C. § 3582(c)(1)(A), would be no less a substantive modification of a judgment than the elimination of a supervised release term.  *See Ransom*, 866 F.2d at 576 ("The fact that the [modification] benefits the appellant is not a reason for deeming the District Court authorized to act after notice of appeal has been filed.").  Therefore, this Court lacks jurisdiction to grant the defendant's motion while his appeal remains pending.  *See, e.g.*, *United States v. Cardoza*, 790 F.3d 247, 248 (1st Cir. 2015) ("Because [defendant's] appeal was pending at the time the District Court ruled on his motion to modify the sentence under § 3582(c)(2), we hold that the District Court lacked jurisdiction to enter the order reducing the sentence." (quoting *United States v. Maldonado-Rios*, 790 F.3d 62, 64 (1st Cir. 2015))); *see also Raia*, 2020 WL 1647922, at *2 (considering whether to "return jurisdiction to the District Court" so that it could "consider [defendant's] compassionate-release request in the first instance").

However, Federal Rule of Criminal Procedure 37 provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). The Advisory Committee Notes contemplate that this rule will be used principally for certain types of motions, including Section 3582(c) motions. *See* Fed. R. Crim. P. 37, Advisory Committee Notes ("In the criminal context, the Committee anticipates that Criminal Rule 37 will be used primarily if not exclusively for … motions under 18 U.S.C. § 3582(c)."); *see also* Fed. R. App. P. 12.1, Advisory Committee Notes (same). Recently, Judge Engelmayer applied this rule in the context of a Section 3582(c) compassionate release motion, holding that the defendant's pending appeal deprived him of jurisdiction (while noting that he would deny the motion on the merits). *See United States v. Martin*, 18 Cr. 834 (PAE) (S.D.N.Y. Apr. 10, 2020) (Dkt. 465 at 2-4).

Thus, under Rule 37, this Court may deny Skelos's pending motion, but it lacks jurisdiction to grant the motion. Rather, if the Court were inclined to grant the motion, it should issue an indicative ruling, the defendant could promptly notify the Court of Appeals, pursuant to Fed. R. App. P. 12.1(a) and Fed. R. Crim. P. 37(b), and the Court of Appeals could then remand for this Court to decide the motion, pursuant to Fed. R. App. P. 12.1(b) and Fed. R. Crim. P. 37(c). *See, e.g., Raia*, 2020 WL 1647922, at *2; *Cardoza*, 790 F.3d at 248; *Maldonado-Rios*, 790 F.3d at 64-65.

Hon. Kimba M. Wood
April 15, 2020

    Of course, that jurisdictional issue – like the exhaustion requirement – will likely be unnecessary for the Court to resolve should the BOP release Skelos to furlough and home confinement. As such, the Government respectfully submits that the Court should await the BOP's imminent action on Skelos's petition for compassionate release before adjudicating his motion.

                              Respectfully submitted,

                              AUDREY STRAUSS
                              Attorney for the United States,
                              Acting Under Authority Conferred by 28 U.S.C. § 515

                By:  /s_____
                     Edward B. Diskant / Thomas McKay / Douglas Zolkind
                     Assistant United States Attorneys