UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED STATES OF AMERICA

┌─────────────────────────────────────────┐
│ USDC SDNY                                │
│ DOCUMENT                                 │
│ ELECTRONICALLY FILED                     │
│ DOC #: _____                  │
│ DATE FILED: May 15, 2020                 │
└─────────────────────────────────────────┘

15-CR-317 (KMW)
**OPINION AND ORDER**

v.

ADAM SKELOS,

Defendant.
-------------------------------------------------------------X

KIMBA M. WOOD, District Judge:

Defendant Adam Skelos has moved to reduce his sentence under the federal

compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), in light of COVID-19.  (ECF No.

505.)  The Government opposes the motion.  (ECF No. 528.)  For the reasons that follow,

Defendant's motion is DENIED.

**I.      BACKGROUND**

Defendant was convicted at trial of bribery and extortion crimes for his participation in a

scheme to extort payments and no-show jobs for himself, using his father Dean Skelos's power

as New York State Senate Majority Leader.

On October 25, 2018, this Court sentenced Defendant to four years in prison, to be

followed by three years of supervised release.  (Sentencing Tr. at 20-22, ECF No. 479).

Defendant self-surrendered on January 8, 2019 and is currently incarcerated at FCI

Danbury.  Because he earned a year's credit toward his sentence by completing the Residential

Drug Abuse Program, his current projected release date is June 4, 2021. The Court previously

1

issued a nonbinding recommendation that Defendant serve nine to twelve months of his sentence in a halfway house.  Thus, at the BOP's discretion, he may be eligible for release from Danbury FCI as soon as June 4, 2020.

On April 1, 2020, Defendant submitted an application to the Warden of FCI Danbury requesting that the Bureau of Prisons ("BOP") move on his behalf for compassionate release in light of the threats to his health posed by COVID-19.  (Def. Mot. at 6, ECF No. 505.)  The Warden received the application on April 15, 2020.  (Gov. Opp'n. at 2, ECF No. 528.)  On May 5, 2020, the Warden denied the application.  (*Id.*)

## II.     EXHAUSTION

A defendant is eligible to seek compassionate release from a court only once he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf or thirty days have elapsed since requesting that the warden of his facility initiate such action.  18 U.S.C. § 3582(c)(1)(A).  Thirty days have elapsed since Defendant submitted his application for compassionate release to the Warden of FCI Danbury.  *See United States v. Resnick*, No. 12-cr-00152-CM, 2020 U.S. Dist. LEXIS 59091, at *16 (S.D.N.Y. Apr. 2, 2020) (McMahon, C.J.) (applying an analog of the "prison mailbox rule" to the Section 3582 exhaustion requirement).  Thus, the exhaustion period has expired, and Defendant's motion is properly before the Court.

## III.    JURISDICTION

Defendant's pending appeal deprives this Court of jurisdiction to grant his motion for compassionate release.  (*See* Dkt. 512 at 2-4).  "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  Although the district court retains the ability to

"correct[] clerical errors," it may not substantively modify judgments.  *United States v. Ransom*, 866 F.2d 574, 575–76 (2d Cir. 1989) (internal quotation marks and citations omitted).  Thus, "[o]nce [Defendant] filed his notice of appeal challenging the Court's sentence, jurisdiction over questions raised in his § 3582(c) motion transferred to the Second Circuit."  *United States v. Martin*, No. 18-CR-834-7, 2020 U.S. Dist. LEXIS 63451, at *4 (S.D.N.Y. Apr. 10, 2020) (Engelmayer, J.); *see United States v. Moseley*, No. 16-CR-79, 2020 U.S. Dist. LEXIS 69400, at *1–2 (S.D.N.Y. Apr. 20, 2020) (Ramos, J.); *United States v. Vigna,* No. 16-CR-786-3, 2020 U.S. Dist. LEXIS 68432, at *7–8 (S.D.N.Y. Apr. 17, 2020) (Román, J.).

Federal Rule of Criminal Procedure 37 anticipates this jurisdictional issue.  Rule 37 provides, in relevant part, that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."  Fed. R. Crim. P. 37(a).  The advisory committee notes list "motions under 18 U.S.C. § 3582(c)" as one of three types of motions for which the drafters "anticipate[] that Criminal Rule 37 will be used primarily if not exclusively."  Fed. R. Crim. P. 37 Advis. Comm. notes (2012).

Because the Court would deny Defendant's motion if he had not filed a notice of appeal, in the interests of judicial economy, the Court reaches the merits pursuant to Rule 37, and denies the motion.  *See Martin*, 2020 U.S. Dist. LEXIS 63451, at *5 (Denying a motion for compassionate release on its merits pursuant to Rule 37).

## IV.   MERITS

Under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-

391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the BOP or the defendant if the court finds that "extraordinary and compelling reasons warrant such a reduction," and "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  In making this determination, the court must consider the "the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Congress delegated responsibility to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction."  28 U.S.C. § 994(t)).  The Sentencing Commission has determined that a defendant's circumstances meet this standard when, *inter alia*, the defendant is "suffering from a terminal illness" or a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility," or if, in the judgment of the BOP, the defendant's circumstances are extraordinary and compelling for "other reasons." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A), (D).  Following the passage of the First Step Act, courts may independently determine whether such "other reasons" are present in a given case, without deference to the BOP's judgment.  *See United States v. Lisi*, No. 15-CR-457, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) (Failla, J.).  In addition, the Sentencing Commission has resolved that a court should reduce a defendant's sentence only after determining that "[t]he defendant is not a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2).

Defendant has not demonstrated the existence of extraordinary and compelling circumstances in his case.  Defendant is 37 years old, and thus faces a relatively low risk of hospitalization or death from COVID-19.[1]  Defendant does not allege that suffers from any

---

[1] *See* Dr. Skiha Garg, *et al.*, *Hospitalization Rates and Characteristics of Patients Hospitalized with Laboratory-Confirmed Coronavirus Disease 2019 – COVID-NET, 14 States, March 1 – 30, 2020*, MORBIDITY AND MORTALITY

known underlying health condition that would heighten his chances of experiencing severe complications from COVID-19.  Without diminishing the seriousness of the pandemic and the present conditions at FCI Danbury, the Court finds that the danger Defendant faces from the threat of exposure to COVID-19 does not constitute an extraordinary and compelling reason for granting compassionate release.

Because the Court finds there are no extraordinary and compelling reasons warranting compassionate release in this case, the Court need not consider the sentencing factors set forth in 18 U.S.C. § 3553(a), or Defendant's potential dangerousness.

## V.    CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release under § 3582(c)(1)(A) is DENIED.

SO ORDERED.

Dated: New York, New York
       May 15, 2020                                  /s/ Kimba M. Wood
                                                    KIMBA M. WOOD
                                                  United States District Judge

---

WEEKLY REPORT (Apr. 17, 2020); *Weekly Updates by Select Demographic and Geographic Characteristics*, CENTER FOR DISEASE CONTROL, https://www.cdc.gov/nchs/nvss/vsrr/covid_weekly/index.htm#AgeAndSex (accessed May 5, 2020).